**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-50742**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CHARLES RAY BROOKS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(W-00-CR-106-1)**

_____

March 15, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

Charles Ray Brooks appeals his conviction after a jury trial for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Brooks contends the district court erred in denying his motion to suppress evidence gathered after a traffic stop. He maintains: the officers' questioning of him and the other van occupants impermissibly exceeded the scope of the traffic stop for a seatbelt violation; and this Fourth Amendment

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation did not dissipate before he gave his consent to search the van.

For a suppression ruling, "we review questions of law *de novo*, and accept the trial court's factual findings unless they are clearly erroneous". ***United States v. Castro***, 166 F.3d 728, 731 (5th Cir. 1999) (en banc), *cert. denied*, 528 U.S. 827 (1999). We "view the relevant evidence in a light most favorable to the party that prevailed". ***Id***.

No reversible error was committed. The officers' brief questioning, which was unrelated to the stop and which occurred *before* a request was made for a computer check of the occupants (the request was made approximately five minutes after the stop was initiated), did not violate the Fourth Amendment. *See* ***United States v. Shabazz***, 993 F.2d 431, 436 (5th Cir. 1993). Furthermore, the district court did not clearly err in finding voluntary Brooks' consent to search. *See* ***United States v. Dortch***, 199 F.3d 193, 201 (5th Cir. 1999), *opinion corrected on denial of reh'g*, 203 F.3d 883 (5th Cir. 2000).

***AFFIRMED***